# EXHIBIT A

Whitney E. Street, State Bar No. 223870
**Block & Leviton LLP**
610 16th Street, Suite 214
Oakland, CA 94612
(415) 968-8999 phone
(617) 507-6020 fax
whitney@blockesq.com

Jeffrey C. Block, *pro hac vice forthcoming*
Jacob A. Walker, State Bar No. 271217
Joel E. Fleming, State Bar No. 281264
155 Federal Street, Suite 400
Boston, MA 02110
(617) 398-5600 phone
jeff@blockesq.com
joel@blockesq.com
jake@blockesq.com

*Attorneys for Plaintiff Joseph Iuso*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN MATEO

Joseph Iuso,

    Plaintiff,

vs.

Snap, Inc., Evan Spiegel, Robert Murphy, Andrew Vollero, Joanna Coles, A.G. Lafley, Mitchell Lasky, Michael Lynton, Stanley Meresman, Scott D. Miller, Christopher Young, Morgan Stanley & Co. LLC, Goldman, Sachs & Co., J.P. Morgan Securities LLC, Deutsche Bank Securities Inc., Barclays Capital Inc., Credit Suisse Securities (USA) LLC, Allen & Company LLC, BTIG, LLC, C.L. King & Associates, Inc., Citigroup Global Markets Inc., Connaught (UK) Limited, Cowen And Company, LLC, Evercore Group, LLC, Jefferies LLC, JMP Securities LLC, Liontree Advisors LLC, LUMA Securities LLC, Mischler Financial Group, Inc., Oppenheimer & Co. Inc., RBC Capital Markets, LLC, Samuel A. Ramirez & Co., Inc., Stifel Financial Corp., Suntrust Robinson Humphrey, Inc., The Williams Capital Group, L.P., Ubs Securities LLC, And William Blair & Company, LLC,

    Defendants.

ACTION NO.



17CIV03710

17-CIV-03710
CMP
Complaint
656661

*Jury Trial Demanded*

# Complaint

Plaintiff, Joseph Iuso ("Plaintiff"), by and through Plaintiff's undersigned attorneys, based upon the independent investigation of counsel and information and belief, alleges, as follows, individually and on behalf of all persons or entities other than Defendants who purchased Snap, Inc. ("Snap" or the "Company")'s common stock pursuant to or traceable to Snap's Initial Public Offering (the "IPO") on March 1, 2017, against: Defendants Snap, Evan Spiegel ("Spiegel"), Robert Murphy ("Murphy", Andrew Vollero ("Vollero"), Joanna Coles ("Coles"), A.G. Lafley ("Lafley"), Mitchell Lasky ("Lasky"), Michael Lynton ("Lynton"), Stanley Meresman ("Meresman"), Scott D. Miller ("Miller"), Christopher Young ("Young"),[1] Morgan Stanley & Co. LLC ("Morgan Stanley"), Goldman, Sachs & Co. ("Goldman" or "Goldman Sachs")), J.P. Morgan Securities LLC ("JPMorgan" or "JPM"), Deutsche Bank Securities Inc. ("Deutsche Bank" or "DB"), Barclays Capital Inc. ("Barclays"), Credit Suisse Securities (USA) LLC ("CS" or "Credit Suisse"), Allen & Company LLC ("Allen & Company"), BTIG, LLC ("BTIG"), C.L. King & Associates, Inc. ("C.L. King"), Citigroup Global Markets Inc. ("Citi" or "Citigroup"), Connaught (UK) Limited ("Connaught"), Cowen and Company, LLC ("Cowen"), Evercore Group, LLC ("Evercore"), Jefferies LLC ("Jefferies"), JMP Securities LLC ("JMP"), Liontree Advisors LLC ("Liontree"), Luma Securities LLC ("Luma"), Mischler Financial Group, Inc. ("Mischler"), Oppenheimer & Co. Inc. ("Oppenheimer"), RBC Capital Markets, LLC ("RBC"), Samuel A. Ramirez & Co., Inc. ("Ramirez"), Stifel Financial Corp. ("Stifel"), SunTrust Robinson Humphrey, Inc. ("STRH"),

---

[1] Collectively, Spiegel, Murphy, Vollero, Coles, Lafley, Lasky, Lynton, Meresman, Miller, and Young are the "Individual Defendants."

The Williams Capital Group, L.P. ("Williams Capital"), UBS Securities LLC ("UBS"), and William Blair & Company, L.L.C. ("William Blair").[2]

## Introduction

1. Plaintiff, on behalf of the Class, brings claims against all Defendants for violations of Section 11 of the Securities Act of 1933 (the "Securities Act"). This court has jurisdiction over claims arising under the Securities Act and those claims may not be removed to federal court. *See* 15 U.S.C. § 77v.

2. The issuance of Snap common stock in connection with the IPO was registered under the Securities Act of 1933, as amended, pursuant to Snap's registration statement on Form S-1 (File No. No. 333-215866) declared effective on March 1, 2017 (the "Registration Statement"). This case arises from untrue statements of material fact contained in the Registration Statement.

3. Specifically, at the time of the IPO, Snap had all of the information necessary to calculate the stock-based compensation expense that it would incur in connection with the IPO and it informed investors that the amount of that expense would be approximately $1.7 billion. In fact, Snap incurred a stock-based compensation expense of $2 billion. When the truth was revealed, Snap's stock plummeted, harming Plaintiff and other investors.

---

[2] Collectively, Goldman Sachs, Morgan Stanley, JPMorgan, Deutsche Bank, Barclays, Credit Suisse, Allen & Company, BTIG, C.L. King, Citigroup, Connaught, Cowen, Evercore, Jefferies, JMP, Liontree, Luma, Mischler, Oppenheimer, RBC, Ramirez, Stifel, STRH, Williams Capital, UBS, and William Blair are the "Underwriter Defendants."

## The Parties

4. Plaintiff, a resident of New York, purchased 78 shares of Snap common stock on March 3, 2017 and 83 shares of Snap common stock on April 6, 2017.

5. Defendant Snap is a public corporation organized under the laws of Delaware. Its principal executive offices are located at 63 Market Street, Venice, California 90291. Snap trades on the New York Stock Exchange.

6. Defendant Evan Spiegel is Snap's Chief Executive Officer and a Director. Spiegel signed the Registration Statement.

7. Defendant Robert Murphy is Snap's Chief Technology Officer and a Director. Murphy signed the Registration Statement.

8. Defendant Andrew Vollero is Snap's Chief Financial Officer and signed the Registration Statement.

9. Defendant Joanna Coles is a Snap Director and signed the Registration Statement.

10. Defendant A.G. Lafley is a Snap Director and signed the Registration Statement.

11. Defendant Mitchell Lasky is a Snap Director and signed the Registration Statement. On information and belief, Mr. Lasky resides in Atherton, California, and is employed by Benchmark Capital, located in Woodside, California.

12. Defendant Michael Lynton is a Snap Director and signed the Registration Statement.

13. Defendant Stanley Meresman is a Snap Director and signed the Registration Statement.

14. Defendant Scott D. Miller is a Snap Director and signed the Registration Statement.

15. Defendant Christopher Young is a Snap Director and signed the Registration Statement.

16. Defendant Morgan Stanley & Co. LLC acted as an underwriter in the IPO.

17. Defendant Goldman, Sachs & Co. acted as an underwriter in the IPO.

18. Defendant J.P. Morgan Securities LLC acted as an underwriter in the IPO.

19. Defendant Deutsche Bank Securities Inc. acted as an underwriter in the IPO.

20. Defendant Barclays Capital Inc. acted as an underwriter in the IPO.

21. Defendant Credit Suisse Securities (USA) LLC acted as an underwriter in the IPO.

22. Defendant Allen & Company LLC acted as an underwriter in the IPO.

23. Defendant BTIG, LLC acted as an underwriter in the IPO.

24. Defendant C.L. King & Associates, Inc. acted as an underwriter in the IPO.

25. Defendant Citigroup Global Markets Inc. acted as an underwriter in the IPO.

26. Defendant Connaught (UK) Limited acted as an underwriter in the IPO.

27. Defendant Cowen and Company, LLC acted as an underwriter in the IPO.

28. Defendant Evercore Group, LLC acted as an underwriter in the IPO.

29. Defendant Jefferies LLC acted as an underwriter in the IPO.

30. Defendant JMP Securities LLC acted as an underwriter in the IPO.

31. Defendant LionTree Advisors LLC acted as an underwriter in the IPO.

32. Defendant LUMA Securities LLC acted as an underwriter in the IPO.

33. Defendant Mischler Financial Group, Inc. acted as an underwriter in the IPO.

34. Defendant Oppenheimer & Co. Inc. acted as an underwriter in the IPO.

35. Defendant RBC Capital Markets, LLC acted as an underwriter in the IPO.

36. Defendant Samuel A. Ramirez & Co., Inc. acted as an underwriter in the IPO.

37. Defendant Stifel Financial Corp. acted as an underwriter in the IPO.

38. Defendant SunTrust Robinson Humphrey, Inc. acted as an underwriter in the IPO.

39. Defendant The Williams Capital Group, L.P. acted as an underwriter in the IPO.

40. Defendant UBS Securities LLC acted as an underwriter in the IPO.

41. Defendant William Blair & Company, L.L.C. acted as an underwriter in the IPO.

**Jurisdiction and Venue**

42. This Court has jurisdiction over this action as Snap has substantial and continuous business contacts with California.

43. Venue is proper in the Superior Court for the County of San Mateo because Defendant Lasky has his principal residence in Atherton, California.

44. This court has subject-matter jurisdiction over claims arising under the Securities Act of 1933. *See* 15 U.S.C. § 77v(a).

**Factual Allegations**

A. **Snap Issued and The Individual Defendants Signed the Registration Statement; The Underwriter Defendants Acted As Underwriter**

45. The Registration Statement was issued by Snap.

46. The Registration Statement was signed by each of the Individual Defendants.

47. The Registration Statement listed each of the Underwriter Defendants as an underwriter and subscribing for the following number of shares:

| Underwriter | Number of Shares |
|---|---|
| Morgan Stanley & Co. LLC | 60,484,615 |
| Goldman, Sachs & Co. | 49,600,000 |
| J.P. Morgan Securities LLC | 26,500,000 |
| Deutsche Bank Securities Inc. | 20,000,000 |
| Barclays Capital Inc. | 12,000,000 |
| Credit Suisse Securities (USA) LLC | 6,153,846 |
| Allen & Company LLC | 14,000,000 |
| BTIG, LLC | 923,077 |
| C.L. King & Associates, Inc. | 123,077 |
| Citigroup Global Markets Inc. | 1,230,769 |
| Connaught (UK) Limited | 307,692 |
| Cowen and Company, LLC | 923,077 |
| Evercore Group, LLC | 615,385 |
| Jefferies LLC | 615,385 |
| JMP Securities LLC | 307,692 |
| LionTree Advisors LLC | 923,077 |
| LUMA Securities LLC | 307,693 |
| Mischler Financial Group, Inc. | 123,077 |
| Oppenheimer & Co. Inc. | 615,385 |
| RBC Capital Markets, LLC | 1,230,769 |
| Samuel A. Ramirez & Co., Inc. | 123,077 |
| Stifel Financial Corp. | 923,077 |
| SunTrust Robinson Humphrey, Inc. | 307,692 |
| The Williams Capital Group, L.P. | 123,077 |
| UBS Securities LLC | 1,230,769 |
| William Blair & Company, L.L.C. | 307,692 |

### B. The Registration Statement Misstated Snap's Stock-Based Compensation Expenses Associated with the IPO

48. The Registration Statement stated that Snap would incur a stock-based compensation expense of "**approximately $1.7 billion** ... in the quarter of our initial public offering in connection with the CEO award and the vesting of RSUs subject to a performance condition and for which the service-based vesting condition was satisfied as of December 31, 2016." Registration Statement at 26.

49. The Registration Statement stated further that the stock-based compensation expense to be incurred in the quarter of its public offering would consist of:

(1) a "stock-based compensation expense of **approximately $1.1 billion** associated with outstanding RSUs subject to a performance condition for which the service-based vesting condition was satisfied as of December 31, 2016 and which we will recognize on the effectiveness of our registration statement in connection with this offering"; and

(2) a "CEO award compensation expense of $624.8 million, based on the initial public offering price of $17.00 per share."

50. In other words, at the time of the IPO, Defendants had all of the information necessary to calculate the stock-based compensation expense that would be incurred in the quarter of the IPO and the Registration Statement informed investors that the amount of that expense would be approximately $1.7 billion.

### C. The Truth Was Revealed When Snap Announced Earnings in May 2017

51. In fact, the Registration Statement understated the stock-based compensation expense by almost $300 million.

8

52. After the close of trading on May 10, 2017, Snap filed a Form 8-K attaching a press release announcing its financial results for the quarter ended March 31, 2017. In the press release, Snap announced a net loss for the quarter of over $2.2 billion and stated that the "Net loss for Q1 2017 includes **$2.0 billion of stock-based compensation expense**, primarily due to the recognition of expense related to RSUs with a performance condition satisfied on the effectiveness of the registration statement for our initial public offering."

53. On May 11, 2017, Snap filed a Form 10-Q for the quarter ended March 31, 2017. In that Form 10-Q, Snap recognized a stock-based compensation expense of approximately $2 billion (Form 10-Q at 8), which it described as caused by a "**$1.9 billion** increase in stock-based compensation expense primarily related to the CEO award and the recognition of expense related to RSUs with a performance condition satisfied on the effectiveness of the registration statement for our IPO." Form 10-Q at 29.

54. The Form 10-Q disclosed that "on the effectiveness of the registration statement for our IPO, we recognized **$1.3 billion** in stock-based compensation expense" (Form 10-Q at 34) and that "[i]n addition, on the closing of the IPO, our CEO received an RSU award, or CEO award, for 37.4 million shares of Series FP preferred stock, which automatically converted into an equivalent number of shares of Class C common stock on the closing of the IPO. ... In the three months ended March 31, 2017, the stock-based compensation expense recognized related to the CEO award was $636.6 million[.]" (Form 10-Q at 34).

**D. Plaintiff and Other Class Members Were Damaged by the Misstatement**

55. Snap shares were sold in the IPO at $17.00 per share. On May 10, 2017—the day before the truth was revealed, Snap shares closed at $22.98 per share.

9

56. On May 11, 2017, Snap shares closed at $18.05 per share on unusually heavy volume—representing a loss of over $700 million for the Class. Snap stock closed Friday, August 11, 2017 at $12.58 per share.

57. The losses incurred by Plaintiff and the Class were directly attributable to the material misstatements included in the Registration Statement regarding Snap's stock-based compensation expense.

## Class Action Allegations

58. Plaintiff brings this action individually and as a class action on behalf of all persons or entities other than Defendants who purchased Snap's common stock pursuant to or traceable to Snap's Initial Public Offering (the "IPO") on March 1, 2017.

59. This action is properly maintainable as a class action.

60. The Class is so numerous that joinder of all members is impracticable. One hundred and forty-five million shares were sold by Snap in the IPO. Consequently, the number of Class members is believed to be in the thousands and are likely scattered across the United States. Moreover, damages suffered by individual Class members may be small, making it overly expensive and burdensome for individual Class members to pursue redress on their own.

61. There are questions of law and fact that are common to the Class and that predominate over questions affecting any individual Class member. The common questions include, inter alia:

   a. whether the Registration Statement contained untrue statements of material fact;

   b. whether the Individual Defendants signed the Registration Statement; and

   c. whether the Underwriter Defendants acted as underwriters.

 62. Plaintiff's claims are typical of the claims of the other members of the Class and Plaintiff does not have any interests adverse to the Class.

 63. Plaintiff is an adequate representative of the Class, has retained competent counsel experienced in litigation of this nature, and will fairly and adequately protect the interests of the Class.

 64. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants; or adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of other members or substantially impair or impede their ability to protect their interests.

 65. There will be no difficulty in the management of this litigation. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

 66. Defendants have acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

11

## Count One

### Violation of Section 11 of the Securities Act
### Against All Defendants

67. The Registration Statement contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted material facts required to be stated therein.

68. The Company is the issuer of the securities purchased by Plaintiff and the Class. As such, the Company is strictly liable for the untrue statements of material facts contained in the Registration Statement and the failure of the Registration Statement to be complete and accurate.

69. The Individual Defendants each signed the Registration Statement or authorized the signing of the Registration Statement on their behalf.

70. The Underwriter Defendants each served as underwriters in connection with the Offering.

71. By reason of the conduct herein alleged, each Defendant named herein violated Section 11 of the Securities Act.

72. Plaintiff acquired Snap common stock pursuant or traceable to the Registration Statement used for the IPO, and without knowledge of the material omissions or misrepresentations alleged herein.

73. Plaintiff and the Class have sustained damages because they purchased Snap stock at an inflated price.

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against all Defendants as follows:

1. Ordering that this action may be maintained as a class action and certifying Plaintiff as Class representatives and their counsel as Class counsel for actual damages and such other relief as the court deems appropriate;

2. For pre-judgment and post-judgment interest on any such monetary relief

3. For reasonable attorneys' fees and costs;

4. For costs of suit herein; and

5. For such further relief as this Court may deem just and proper.

## Demand for a Jury Trial

Plaintiff hereby demands a trial by jury on all counts so triable.

August 14, 2017                    BLOCK & LEVITON LLP

                                   Jeffrey C. Block (*pro hac vice* forthcoming)
                                   Jacob A. Walker (CA Bar No. 271217)
                                   Joel Fleming (CA Bar No. 281264)
                                   BLOCK & LEVITON LLP
                                   155 Federal Street, Suite 400
                                   Boston, MA 02110
                                   (617) 398-5600 phone
                                   jeff@blockesq.com
                                   jake@blockesq.com
                                   joel@blockesq.com

                                   Whitney E. Street (State Bar No. 223870)
                                   610 16th Street, Suites 214-216
                                   Oakland, CA 94612
                                   (415) 968-8999 phone
                                   whitney@blockesq.com

                                   *Counsel for Plaintiff*

13

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Block & Leviton LLP<br>Whitney Street (223870); Jacob Walker (271217); Joel Fleming (281264); Jeff Block<br>610 16th Street, Suite 214, Oakland, CA 94612<br>155 Federal Street, Suite 400, Boston, MA 02110<br>TELEPHONE NO.: 617.398.5600   FAX NO.: 617.507.6020<br>ATTORNEY FOR *(Name):* Joseph Iuso | **FILED**<br>SAN MATEO COUNTY<br>AUG 14 2017<br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Superior Court Southern Branch

CASE NAME:
Iuso v. Snap, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | 17CIV03710<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Construction defect (10) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☑ Securities litigation (28) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☑ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Section 11 of the Securities Act of 1933
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 14, 2017
Jacob A. Walker
_(TYPE OR PRINT NAME)_                                    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**

• Plaintiff ...with the first paper filed in the action or proceeding (except small claims cases or cases filed ...de, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result

17-CIV-03710
CCCS
Civil Case Cover Sheet
656662

...y cover sheet required by local court rule.
...00 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all ...ing.
...se under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form ... Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

File By Fax